**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50156 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00267-BEN-1 |
| v. | |
| ADOLFO BARRON-GALVAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted September 14, 2012
San Francisco, California

Before:  ALARCÓN, GRABER, and BERZON, Circuit Judges.

Defendant Adolfo Barron-Galvan appeals his conviction for being found in

the United States after having been removed, in violation of 8 U.S.C. § 1326(a),

and the resulting sentence of 15 months' imprisonment.  We affirm.

1.  Plain error did not occur when the government lawyer made certain

statements at sentencing.  See United States v. Maldonado, 215 F.3d 1046, 1051 &

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

nn.5-6 (9th Cir. 2000) (holding that we review for plain error whether the government breached its plea obligations when the defendant fails to object at sentencing). The government stood by its recommendation of 60 days' imprisonment. At most, the government's additional comments were ambiguous. Accordingly, any error was not plain. See United States v. Dorsey, 677 F.3d 944, 953 (9th Cir. 2012) (holding that an error is "plain" if it is "clear or obvious").

2. The district court did not commit significant procedural error at sentencing. See Gall v. United States, 552 U.S. 38, 51 (2007) (holding that a reviewing court "must first ensure that the district court committed no significant procedural error"). The district court explained its sentence "sufficiently to permit meaningful appellate review." United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The district court considered all the relevant § 3553(a) factors. See id. ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them.").

3. The sentence was not substantively unreasonable, even if it is not the same sentence that we would have imposed. See United States v. Ressam, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc) ("[W]e may not reverse just because we think a different sentence is appropriate." (internal quotation marks omitted)).

**AFFIRMED.**

2